FILED
2025 Oct-31 PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| **JEANETTA PLEASANT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:25-cv-1658-ACA** |
| | ) | |
| **LAURA SUSAN BURNS, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT BURNS'S MOTION TO DISMISS

**COMES NOW**, Plaintiff Jeanetta Pleasant, and respectfully submits this Opposition to Defendant Laura Susan Burns's Motion to Dismiss. For the reasons set forth below, Defendant's motion should be denied in its entirety.

Defendant Laura Susan Burns ("Burns") asks this Court to extend absolute immunity to her own false and malicious conduct under the guise of "Rule 15 immunity." But Rule 15 of the Alabama Rules of Disciplinary Procedure does not—and cannot—shield a lawyer who knowingly files a false and retaliatory bar complaint for personal or competitive reasons. The immunity Burns invokes applies only to attorneys who act in good faith and in compliance with Rule 8.3, not to those who weaponize the disciplinary process to punish constitutionally protected speech.

Moreover, Plaintiff's claims are properly pled under 42 U.S.C. § 1983 and state tort law. Burns's coordinated conduct with officials of the Alabama State Bar—resulting in the initiation of formal charges and the deprivation of Plaintiff's professional rights—constitutes joint action under color of state law. Finally, Plaintiff's claim for intentional infliction of emotional

distress ("outrage") is supported by allegations showing deliberate, malicious acts intended to destroy her livelihood and reputation.

On a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled allegations as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate only where no set of facts could entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. <u>Rule 15 Immunity Does Not Apply to Malicious or Retaliatory Complaints</u>

Defendant relies almost entirely on Rule 15 of the Alabama Rules of Disciplinary Procedure. But **Rule 15(a)** provides immunity only for complaints "submitted pursuant to these Rules." A complaint filed with **malicious intent**, in violation of **Rule 8.4(c)** and **Rule 8.4(d)**—which prohibit conduct involving dishonesty and conduct prejudicial to the administration of justice— is not a complaint "submitted pursuant to" the Rules.

Courts interpreting analogous immunity doctrines have held that immunity does not protect retaliatory or bad-faith misuse of government processes. In *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019), the Eleventh Circuit reaffirmed that government actors—and those acting jointly with them—cannot invoke immunity when they misuse legal or administrative proceedings to retaliate against constitutionally protected speech. The court emphasized that the retaliatory use of process, when motivated by animus or lacking probable cause, falls outside any legitimate governmental function and violates the First Amendment.

Similarly, in *Simms v. Seaman,* 308 Conn. 523, 546 (2013), the Connecticut Supreme Court squarely addressed whether an attorney who files a disciplinary complaint enjoys absolute immunity. The court held that absolute immunity does not extend to bad-faith or malicious disciplinary complaints because "the privilege was never intended to protect the malicious abuse

of judicial or quasi-judicial proceedings." *Id.* at 546–47. The court reasoned that while good faith

grievance filings must be protected to preserve the integrity of the disciplinary process, immunity

cannot be stretched to shield those who weaponize that process to punish or injure others.

Although *Simms* is a decision of the Connecticut Supreme Court, it is highly

persuasive here. Its reasoning reflects the majority view among courts nationally: immunity for

filing complaints with professional or administrative bodies is qualified by good faith and lost

when the filer acts maliciously or with knowledge of falsity. See also *Moore v. Smith*, 89 Wn.2d

932, 578 P.2d 26 (1978) (qualified privilege defeated by malice). This persuasive authority

aligns with the Eleventh Circuit's consistent refusal to extend immunity to those who knowingly

falsify or fabricate charges. See, e.g., *Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020)

(fabrication defeats qualified immunity); *Paez v. Mulvey*, 915 F.3d 1276 (11th Cir. 2019).

Here, Plaintiff alleges that Defendant Burns knowingly filed a false and retaliatory bar

complaint to punish Plaintiff for publicly criticizing a sitting judge—speech that lies at

the heart of the First Amendment. Such conduct, if proven, constitutes malicious abuse of

process, not compliance with Rule 8.3. Just as *Simms* held that immunity does not protect those

who act in bad faith, this Court should decline to transform Rule 15 into a shield for vindictive

misconduct. Accordingly, Burns's reliance on Rule 15 is misplaced, and her motion should be

denied.

### B.  Burns Acted Under Color of State Law by Acting Jointly with State Bar Officials

Defendant contends that she cannot be a "state actor" under 42 U.S.C. § 1983. That

contention fails. The complaint alleges that Burns acted jointly and in concert with the

Alabama State Bar and its General Counsel in pursuing a retaliatory disciplinary action that

resulted in a $1,000 fine and public sanction. When a private individual collaborates with state

officials to bring about a deprivation of constitutional rights, she acts under color of state law and may be held liable under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). The Eleventh Circuit recognizes that a private actor becomes a state actor when the state has "so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise." *Harvey v. Harvey*, 949 F.2d 1127, 1130–31 (11th Cir. 1992). The complaint plausibly alleges such a nexus here: Burns's false disciplinary complaint was not a private dispute—it activated the State Bar's disciplinary machinery, leading to an official proceeding, a financial penalty, and a public sanction issued under color of Alabama law.

Moreover, the Eleventh Circuit has made clear that retaliatory misuse of state processes to chill constitutionally protected expression violates the First Amendment. In *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019), the court acknowledged that government actors who use litigation or administrative mechanisms to punish protected speech engages in actionable retaliation. Here, Burns's conduct is even more troubling: as a private attorney, she intentionally invoked the State Bar's official authority to punish and publicly shame another attorney for protected speech about a sitting judge.

Burns's attempt to characterize her actions as purely private ignores the fact that the Alabama State Bar functions as an arm of the Alabama Supreme Court, exercising delegated state power in the regulation of attorneys. See *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). When Burns knowingly supplied false allegations that triggered this state-controlled process, she became a willful participant in joint activity with state officials, satisfying the color-of-law requirement.

Finally, to the extent Burns argues that mere reporting cannot create state action, that argument fails where, as here, the plaintiff alleges deliberate falsification designed to weaponize

the state's disciplinary machinery. The Supreme Court has long held that the "private misuse of a state statute" or procedure for retaliatory ends can give rise to § 1983 liability. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). Burns's calculated filing of a false complaint to secure state-imposed penalties and public humiliation for protected speech fits squarely within that principle.

For these reasons, Plaintiff's § 1983 claim properly alleges that Burns acted under color of state law, and her Motion to Dismiss should therefore be denied.

### C.  Plaintiff States a Plausible First Amendment Retaliation Claim

Plaintiff alleges that Burns filed a false complaint **in retaliation for Plaintiff's protected speech**—specifically, her public criticism of a sitting judge. The First Amendment safeguards attorneys' rights to comment on judicial conduct as a matter of public concern. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1054 (1991).

Burns's retaliatory use of state disciplinary mechanisms to suppress that speech constitutes actionable retaliation under § 1983. See *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1307 (11th Cir. 2019) (retaliatory misuse of legal process violates First Amendment). The complaint plausibly alleges that Burns's false complaint caused Plaintiff to face disciplinary proceedings, reputational harm, and threats to her license—precisely the kind of chilling effect § 1983 prohibits.

### D.  The Tort of Outrage Is Plausibly Alleged

Defendant next argues that Plaintiff's claim for intentional infliction of emotional distress (the "tort of outrage") fails as a matter of law. That argument disregards both the purpose of Alabama's limited but important outrage doctrine and the factual allegations establishing deliberate, malicious, and reputationally destructive conduct by Defendant Burns.

1.  **Alabama recognizes the tort of outrage in cases involving intentional, malicious, or retaliatory conduct that exceeds all bounds of decency.**

The Alabama Supreme Court has repeatedly confirmed that the tort of outrage, though narrow, exists to redress conduct that is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (quoting *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980)).

While the Court has cited three "paradigm" contexts—burial disputes, insurance coercion, and sexual harassment—it has also made clear that those examples are illustrative, not exhaustive. *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). In other words, the tort is available "whenever the defendant's conduct is so egregious and calculated to cause severe emotional harm that no reasonable person could be expected to endure it." *Id.*

2.  **Burns's conduct—filing a knowingly false and retaliatory bar complaint to cause public humiliation and financial injury—fits squarely within the type of intentional and malicious behavior the outrage tort was designed to remedy.**

The Plaintiff alleges that Defendant Burns—who served as Plaintiff's opposing counsel—knowingly filed a false and retaliatory disciplinary complaint against her in response to Plaintiff's constitutionally protected speech criticizing a sitting judge. Rather than acting as a neutral officer of the court, Burns weaponized her position as opposing counsel to misuse the disciplinary process for personal and professional retaliation.

Burns's objective was not to protect the public or uphold ethical standards, but to embarrass Plaintiff publicly, damage her reputation, and inflict financial and emotional harm. The filing of the complaint resulted in formal disciplinary proceedings

that culminated in a $1,000 fine and a public sanction—a result Burns knew would tarnish Plaintiff's standing as an attorney and cause lasting professional humiliation.

Unlike cases involving mere negligence, harsh language, or ordinary litigation disputes, Burns's actions were deliberate, vindictive, and calculated to exploit her role as opposing counsel and to weaponize state authority against a professional adversary. This is conduct that Alabama law recognizes as actionable under the tort of outrage. See *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990) (outrage claim viable where defendant used threats and humiliation to enforce its will); *Whitt v. Hulsey*, 519 So. 2d 901, 906 (Ala. 1987) (affirming verdict where conduct was designed to cause humiliation and emotional suffering).

The use of the State's disciplinary machinery by an opposing attorney to punish protected speech and inflict professional injury represents a profound abuse of process and a breach of professional ethics. Such conduct is not merely "unpleasant" or "unprofessional"—it is outrageous in character and extreme in degree, going "beyond all possible bounds of decency" and thus actionable under Alabama law. *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011).

3. **Whether the Conduct Is "Extreme and Outrageous" Is a Fact Question for the Jury, and Under Alabama's Liberal Notice-Pleading Standard Plaintiff Has Alleged More Than Enough.**

Even if the Court were to question, at this early stage, whether Defendant's conduct ultimately meets the high threshold for the tort of outrage, dismissal is still improper because (a) Alabama law ordinarily leaves that determination to the jury, and (b) both Alabama and federal courts follow a liberal notice-pleading standard that Plaintiff easily satisfies here.

First, Alabama courts have long held that whether conduct is "so outrageous in character and so extreme in degree" is a question for the factfinder, not for disposition at the pleading stage. *Callens v. Jefferson Cnty. Nursing Home*, 769 So. 2d 273, 281 (Ala. 2000); *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993). Only in the rarest case—where "no reasonable person could view the conduct as outrageous"— should dismissal occur. *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990).  Here, Plaintiff alleges intentional, retaliatory use of the State's disciplinary machinery to publicly sanction her and fine her $1,000 for protected speech about a sitting judge—conduct a reasonable jury could surely find "utterly intolerable."

Second, both Alabama and federal courts apply an extremely liberal pleading standard. Under Rule 8(a) of the Alabama Rules of Civil Procedure, a complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Likewise, the U.S. Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), held that "a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." This standard emphasizes notice pleading—that cases should be decided on their merits, not dismissed on technicalities. The Court does not ask whether the plaintiff will ultimately prevail, only whether she may possibly prevail based on her allegations.

Here, Plaintiff's Complaint does far more than provide notice. It alleges specific, detailed facts showing that:

- Defendant Burns **knowingly filed a false and retaliatory bar complaint**;
- The complaint was motivated by Plaintiff's **constitutionally protected criticism of a sitting judge**;

- Burns intended the complaint to result in **public embarrassment, reputational damage, and financial harm**; and
- The disciplinary process in fact produced a **$1,000 fine and public sanction**, achieving Burns's malicious goal.

Those allegations put Defendant squarely on notice of the nature of the claim and the conduct at issue. Under *Conley*, they more than suffice to defeat a motion to dismiss. Whether Burns's conduct ultimately meets Alabama's "extreme and outrageous" threshold is therefore a matter for the jury—after discovery—rather than for summary dismissal at the pleading stage.

E.  **The Court should allow the outrage claim to proceed to discovery.**

Discovery will likely reveal direct evidence of Burns's motive, communications, and coordination with state officials, further substantiating the bad faith and retaliatory purpose underlying the bar complaint. Allowing the claim to proceed ensures that the disciplinary process cannot be weaponized to silence or punish constitutionally protected expression under the cloak of immunity.

In sum, Burns's conduct—knowingly filing a false, retaliatory complaint to humiliate Plaintiff, cause financial loss, and inflict reputational harm—falls well within the type of deliberate, malicious behavior Alabama courts have deemed actionable under the tort of outrage. Dismissal at this stage would be premature and inconsistent with Alabama precedent recognizing that such claims must be resolved upon a fully developed factual record.

## CONCLUSION

Under Alabama and federal law, notice pleading controls. Plaintiff's Complaint contains far more than the "short and plain statement" required under Rule 8(a). It sets forth detailed facts demonstrating that Defendant Burns (1) knowingly filed a false and retaliatory bar complaint, (2) did so in response to Plaintiff's constitutionally protected speech, and (3) achieved her

intended purpose of publicly humiliating and financially harming Plaintiff through a $1,000 fine and sanction.

At this stage, the Court is not asked to determine whether Plaintiff will ultimately prevail—only whether she may possibly prevail under the facts alleged. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Under that standard, Plaintiff's claims are more than sufficient to proceed.

Defendant's assertion of Rule 15 immunity fails because such immunity does not—and cannot—extend to bad-faith or malicious complaints. Her § 1983 argument fails because she acted jointly with state actors in weaponizing the State Bar's disciplinary authority against protected speech. And her challenge to the outrage claim fails because whether her conduct was "extreme and outrageous" is a factual determination for the jury, not an issue for dismissal.

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in full and permit this matter to proceed to discovery and trial on the merits.

Respectfully submitted on the 31st day of October 2025.

/s/ Jeanetta Pleasant____
Jeanetta Pleasant
Pleasant Legal Solutions, PC
100 Concourse Parkway, Suite 128
Hoover, AL 35244
(659) 212-8500
jeanetta@pleasantlegalsolutions.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a copy of the above and foregoing was served to all parties of interest through the Court's electronic filing system.

/s/ Jeanetta Pleasant
Jeanetta Pleasant
Pleasant Legal Solutions
100 Concourse Pkwy STE 128
Hoover, AL 35244
(659)212-8500
jeanetta@pleasantlegalsolutions.com

## SERVICE LIST

| | | |
|---|---|---|
| Laura Susan Burns | Autumn Caudell | Alabama State Bar |
| 4128 Crosshaven Drive | 415 Dexter Avenue | 415 Dexter Avenue |
| Vestavia, Alabama 35243 | Montgomery, Al 36104 | Montgomery, AL 36104 |