FILED
2025 Nov-13  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEANETTA PLEASANT,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **LAURA SUSAN BURNS,** ) | **CASE NO. 2:25-cv-01658- ACA** |
| **AUTUMN A. CAUDELL,** ) | |
| **Individually, General Counsel of** ) | |
| **the Alabama State Bar, in her** ) | |
| **official and individual capacities,** ) | |
| **Defendants.** ) | |

**BAR AND CAUDELL'S LIMITED RESPONSE**

**COMES NOW** Defendants Autumn A. Caudell and the Alabama State Bar and files this response in support of their Motion to Dismiss.  Specifically, Defendants offer this filing to clarify a misstatement by Plaintiff Jeanette Pleasant ("Pleasant") related to the question of whether she has already been determined to be guilty or even to have violated the *Alabama Rules of Professional Conduct*.  In this regard, Defendants aver that:

1.     In Pleasant's Opposition to Defendants' Motion to Dismiss, she misconstrues the nature of the plea offer she received as part of her disciplinary matter pending before the Alabama State Bar (the "Bar").  As evidenced by Pleasant's filings and statements to this Court, the Bar previously sent Pleasant correspondence stating that the Disciplinary Commission of the Alabama State Bar found probable cause to believe that she violated the *Alabama Rules of Professional Conduct*.  Under Rule 12(d), *Alabama Rules of Disciplinary Procedure*, the Disciplinary Commission

has the authority to offer a lawyer a resolution of the pending charges if that person chooses to accept a public or private reprimand.  An offer under Rule 12(d) is not a determination that the individual actually violated the rules, it is just the result of a minimum, evidentiary showing that probable cause exists in a specific case.  This provision of Rule 12 gives a lawyer the opportunity to resolve the disciplinary matter sooner, rather than later, if she chooses.

2.      Importantly, the Disciplinary Commission does not have authority to offer other forms of punishment, i.e., suspension of a license or probation.  Of equal importance, under Rule 12(d), Pleasant is not required to accept the offer of a reprimand.  In fact, as is her right, Pleasant rejected the offer of an early resolution and chose to proceed with a full disciplinary hearing pursuant to Rule 12(e), *Alabama Rules of Disciplinary Procedure.*  As such, no discipline has yet to be imposed against Pleasant.  Since this case has yet to be tried before the Disciplinary Board, there is no way to know what a disciplinary panel will impose against Pleasant, if she receives any punishment at all.  At this point, whether Pleasant receives any punishment is purely speculative.[1]

---

[1] Assuming a disciplinary panel imposed some form of punishment against Pleasant after a full-blown trial on the merits, her punishment would not go into effect until after the Supreme Court of Alabama affirmed the discipline on appeal.  There is no indication when, if ever, this would happen. Rule 12(g)(1), *Alabama Rules of Disciplinary Procedure*, states that:

> The parties have a right to appeal an adverse decision of the Disciplinary Board or, in a Rule 20 proceeding, an adverse decision of the Disciplinary Commission, to the Supreme Court of Alabama by filing a notice of appeal with the Disciplinary Clerk of the Alabama State Bar and the Clerk of the Supreme Court within fourteen (14) days after the

3.      As previously argued in the Bar and Caudell's Motion to Dismiss, Pleasant's punishment is only speculative at this point and she does not have an actual injury caused by the Alabama State Bar, or Caudell.  Accordingly, Pleasant does not have standing and this matter is not ripe for adjudication.

4.      Assuming *arguendo* Pleasant did have standing, the Bar and Caudell have immunity as outlined in their Motion to Dismiss.  Pleasant has failed to show any willful, malicious or fraudulent conduct on behalf of the Bar or Caudell.  If anything, Pleasant has only demonstrated to this Court that the Bar and Caudell are adhering to the strict procedural process outlined by the Supreme Court of Alabama in the *Alabama Rules of Disciplinary Procedure*.[2]  Pleasant has not even attempted

---

written decision of the Disciplinary Board or the Disciplinary Commission is filed with the Disciplinary Clerk.

[2] The Supreme Court of Alabama's established disciplinary process ensures a litigant's due process rights. "The right to practice law is a valuable property right, which can be denied only by due process of law." *Ex parte Grubbs*, 542 So.2d 927, 932 (Ala. 1989).  Furthermore, "[a]n attorney must be accorded due process in disbarment and disciplinary proceedings, and the requirements of due process are met when the attorney is served with charges or specifications reasonably informing him of the charges against him and the attorney is thereafter accorded a hearing with an opportunity to defend." *In re Smith*, 225 So.2d 829, 832 (Ala. 1969).  More specifically, the Supreme Court of Alabama has stated that, due process requires:

an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the hearing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on

3

to describe how the Bar or Caudell have deviated in anyway from established procedures.  This type of alleged conduct is essential if Pleasant has any hope of abrogating the immunity afforded to the State of Alabama and its employees.

**WHEREFORE, PREMISES CONSIDERED**, the Alabama State Bar and Caudell respectfully request that this Court enter an order dismissing this matter, in its entirety.

**RESPECTFULLY SUBMITTED** on this the 13th day of October, 2025.

_____
Roman A. Shaul (ASB-5043-S58R)
Alabama State Bar, General Counsel
Counsel for Alabama State Bar
Counsel for Autumn A. Caudell
415 Dexter Avenue, Montgomery, AL 36101
(334) 269-1515  roman.shaul@alabar.org

_____
Autumn A. Caudell (ASB-2545-Q52Y)
Alabama State Bar
 Assistant General Counsel
415 Dexter Avenue, Montgomery, AL 36101
(334) 269-1515    autumn.caudell@alabar.org

## CERTIFICATE OF SERVICE

---

which a disputed order is based and opportunity to explore that evidence, and a conclusion based on the evidence and reason.

*Ex parte Case*, 925 So.2d 956, 960-61 (Ala. 2005)(quoting *Katz v. Alabama State Bd. of Med Exam'rs*, 351 So.2d 890, 892 (Ala. 1977)).  There has been no credible evidence offered (or arguments made) by Pleasant that she is not being afforded due process in her disciplinary matter.

I hereby certify that on November 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further hereby certify that I have mailed by United States Postal Service the document to Jeanetta Wells Pleasant, 100 Concourse Pkwy, Suite 128, Hoover, AL, 35244, and sent by courtesy email to info@pleasantlegalsolutions.com.

_____
Roman A. Shaul (ASB-5043-S58R)
Alabama State Bar - General Counsel
Counsel for Alabama State Bar
Counsel for Autumn A. Caudell
415 Dexter Avenue
Montgomery, AL 36101
(334) 269-1515
roman.shaul@alabar.org

5