FILED
2025 Dec-08  AM 08:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JEANETTA PLEASANT,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO:  2:25-cv-1658-ACA** |
| **LAURA SUSAN BURNS,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **AUTUMN A. CAUDELL, individually,** | ) |
| **General Counsel of the Alabama State Bar,** | ) |
| **in her official and individual capacities,** | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION TO STAY OR ENJOIN ONGOING STATE DISCIPLINARY**
**PROCEEDINGS PURSUANT TO THE YOUNGER BAD-FAITH EXCEPTION**

COMES NOW Plaintiff Jeanetta Pleasant and respectfully moves this Court to stay or

enjoin the ongoing disciplinary proceeding initiated by the Alabama State Bar in connection with

the complaint filed by Defendant Laura Susan Burns, pending resolution of the above-styled

federal action. As grounds for this motion, Plaintiff states as follows:

## I. INTRODUCTION

This federal lawsuit alleges that Defendant Burns, acting as Plaintiff's opposing

counsel, knowingly filed a false and retaliatory disciplinary complaint in response to

Plaintiff's constitutionally protected speech criticizing a sitting judicial officer. The Complaint

further alleges that agents of the Alabama State Bar, including Defendant Caudell, jointly

participated in the retaliatory misuse of the State's disciplinary machinery to publicly sanction

and financially punish Plaintiff, thereby chilling protected speech.

The Alabama State Bar has now scheduled a disciplinary hearing concerning this same

matter on December 9, 2025. The disciplinary proceeding is not independent of the conduct alleged here. Rather, it is the conduct at issue. Allowing the retaliatory prosecution to continue would further inflict the very constitutional injury that Plaintiff seeks relief from in this action.

## II. LEGAL STANDARD

Federal courts generally refrain from interfering with ongoing state proceedings under *Younger v. Harris,* 401 U.S. 37 (1971). However, the Supreme Court and Eleventh Circuit have made clear that *Younger* abstention does not apply where the state proceeding: Younger abstention does not apply if the state process is pursued in bad faith, for harassment, or as a tool to chill constitutionally protected expression. *Dombrowski v. Pfister*, 380 U.S. 479, 487–89 (1965); *Younger*, 401 U.S. at 54. Federal courts must not abstain where the very proceeding at issue constitutes the alleged constitutional violation. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

That is precisely the posture of this case. The Alabama State Bar disciplinary proceeding is the retaliatory act itself—not an independent state adjudication entitled to deference. Plaintiff's federal complaint alleges that Defendant Laura Susan Burns**,** while serving as opposing counsel**,** filed a knowingly false and retaliatory complaint to punish Plaintiff for publicly criticizing a sitting judge. The disciplinary apparatus was then activated against Plaintiff, resulting in a public sanction and a $1,000 fine**.** The Bar's newly scheduled hearing seeks to continue and expand that same retaliation.

The Eleventh Circuit has made clear that the bad-faith exception to Younger abstention squarely applies when state or quasi-judicial processes are weaponized against individuals for exercising constitutional rights. In *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1301–04

(11th Cir. 2019), the court held that federal jurisdiction must be exercised where "legal process itself was used as a tool of retaliation" against protected speech. Likewise, in *Lackey v. Georgia*, 201 F.3d 1315, 1317 (11th Cir. 2000), the court recognized that abstention cannot apply where "the state proceeding is motivated by a retaliatory purpose or conducted in bad faith."

Here, Plaintiff does not seek to interfere with legitimate state regulation of attorney conduct; rather, she seeks protection from the misuse of that system for retaliatory and unconstitutional purposes. The State's interest in regulating attorney ethics, though legitimate, does not extend to punishing protected political speech. See *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1054 (1991) ("Speech critical of the judiciary is protected so long as it does not present a substantial likelihood of material prejudice.").

Accordingly, this Court not only retains jurisdiction but has an affirmative duty to exercise it. *Zablocki v. Redhail*, 434 U.S. 374, 379 n.5 (1978) ("Abstention is the exception, not the rule."). The continuation of the Alabama State Bar's disciplinary hearing constitutes ongoing retaliation, and abstention here would effectively ratify the constitutional violation rather than prevent it.

### III. ARGUMENT

### A. The Ongoing Bar Proceeding Is the Retaliatory Act Itself

The gravamen of this federal action is that Defendant Burns weaponized the disciplinary process to punish Plaintiff's constitutionally protected speech and that Defendant Caudell and others jointly participated in that retaliation. The State Bar hearing now scheduled is not separate from the conduct at issue—it is the continuation of the retaliation. Thus, abstention would shield the retaliatory scheme from judicial review, contrary to Younger's express exceptions.

### B. The Proceeding Is Intended to Chill and Punish Protected Speech

The disciplinary charges arise directly from Plaintiff's public criticism of a sitting judicial officer, speech which falls at the very core of the First Amendment's protective purpose. The Supreme Court has repeatedly held that "speech concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964). Criticism of judicial officers, specifically, occupies the highest rung of First Amendment protection because it relates to the conduct and accountability of public officials. *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

The disciplinary complaint filed by Defendant Burns—and the public sanction and fine that followed—were not aimed at addressing unethical conduct or protecting the public. Rather, the sanction served the purpose of deterring Plaintiff, and others similarly situated, from engaging in public criticism of judicial actors. Such chilling of speech triggers strict scrutiny, which the Bar cannot meet. See *Republican Party of Minnesota v. White*, 536 U.S. 765, 774 (2002) (government may not suppress discussion of the qualifications of judicial officers).

Further, Plaintiff's allegations are not that the disciplinary proceeding was merely erroneous, but that it was initiated and pursued in bad faith for the very purpose of punishing speech protected under the First Amendment. This is precisely the type of retaliatory enforcement that removes the proceeding from *Younger* abstention. See *Dombrowski v. Pfister*, 380 U.S. 479, 487–89 (1965) (federal intervention proper where state prosecution is used to discourage protected expression); *Younger*, 401 U.S. at 54 (bad faith prosecution is an exception to abstention).

The Eleventh Circuit reinforced this principle in *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1301–04 (11th Cir. 2019), holding that federal courts must intervene where the state

legal process is used as a weapon to retaliate against protected speech. Here, the disciplinary complaint was filed by Plaintiff's opposing counsel, not a neutral third party, and was used to trigger a punitive response by the Alabama State Bar for the purpose of silencing criticism of a judge. This is retaliation, not regulation.

Additionally, while not controlling, the decision in *Simms v. Seaman*, 308 Conn. 523, 546 (2013), is highly persuasive because it addresses the same legal point: the attorney disciplinary process does not provide immunity when the process is misused in bad faith as a retaliatory weapon. Courts allow such persuasive authority where it aligns with First Amendment jurisprudence, and the reasoning is consistent with Eleventh Circuit doctrine.

Accordingly, the ongoing Bar proceeding is not a neutral state regulatory action, but a continuation of the same retaliatory and speech-suppressing conduct challenged in this federal case. Allowing the hearing to proceed would inflict the precise constitutional injury Plaintiff seeks to prevent and would further chill Plaintiff's right — and the right of the public — to discuss and criticize judicial officials.

### C. The State Proceeding Lacks Neutrality Due to Prior Coordination

Even where a state disciplinary system is generally valid, *Younger* abstention does not apply when the state proceeding lacks neutrality or where the adjudicative process has been distorted or influenced by improper purposes. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). A tribunal must be *"fair, impartial, and capable of objectively assessing the allegations before it." Id.* When the disciplinary mechanism is used as a tool of retaliation instead of neutral regulation, the federal court must intervene.

Here, the disciplinary process was triggered by opposing counsel, not by a client, court official, complainant-witness, or objective observer. Courts recognize that disciplinary

complaints initiated by opposing counsel during or surrounding litigation carry a heightened risk of improper motive because they may be used to obtain strategic advantage or punish protected advocacy. See *Simms v. Seaman*, 308 Conn. 523, 546 (2013) (persuasive) (no immunity for disciplinary reporting used as a litigation tactic or retaliatory measure).

Additionally, the record indicates that the Bar's evaluation did not include any assessment of First Amendment considerations, despite the fact that the speech at issue involved public commentary on a judicial officer, which the Supreme Court has held is entitled to the highest level of constitutional protection. *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964); *Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964). A disciplinary decision affecting core political speech must contain explicit constitutional analysis; the absence of such analysis **is** itself evidence of a non-neutral, outcome-driven process.

Further, the disciplinary sanction imposed—a public reprimand and a monetary fine—is punitive rather than remedial. Punitive sanctions directed at public speech and criticism of government officials reflect not neutral enforcement, but a chilling and deterrent purpose, which is incompatible with constitutional protections. See *Republican Party of Minnesota v. White*, 536 U.S. 765, 774 (2002).

Accordingly, the proceeding does not reflect a neutral adjudicatory process of the type to which comity principles apply. Rather, it reflects the continuation of the same retaliatory disciplinary action that is the subject of this federal case. Under *Gibson*, where the processes and decision-making structures of a disciplinary authority do not ensure neutrality, *Younger* abstention is not appropriate, and federal intervention is authorized to prevent ongoing constitutional injury.

### D. Plaintiff Will Suffer Irreparable Constitutional Injury Absent a Stay

A core principle of federal injunctive relief is that the loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). When a state disciplinary proceeding is initiated or pursued for the purpose of punishing protected speech **or** deterring future expression**,** the constitutional violation is ongoing**,** and federal intervention is not only permissible but necessary to prevent continued injury. The harm here is not speculative or abstract. Plaintiff has already suffered:

- A public sanction**,** which carries stigma,
- A monetary fine**,** which constitutes punitive deterrence, and
- Damage to professional standing and reputation**,** which cannot be restored through monetary remedies alone.

The Alabama State Bar has now set a hearing to continue disciplinary proceedings relating to this same matter. Permitting that hearing to proceed would inflict the very constitutional harm challenged in this lawsuit, thereby undermining the purpose of the federal judicial review**.** The sanction process itself is the vehicle of retaliation; thus, its continuation is a continuation of the constitutional injury**.**

The Supreme Court has emphasized that when a proceeding is pursued in bad faith, for harassment, or in retaliation**,** abstention is inappropriate because "the injury can be remedied only by an injunction against further prosecution." *Dombrowski v. Pfister*, 380 U.S. 479, 490 (1965). Similarly, the Eleventh Circuit in *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1301–04 (11th Cir. 2019), reaffirmed that federal courts must intervene where legal mechanisms are used as instruments of retaliation against protected expression.

Moreover, reputational injury caused by a public disciplinary sanction to a practicing attorney involves not merely professional inconvenience, but the potential loss of client opportunities, diminished credibility, and lasting damage to the attorney's professional identity.

Such injuries cannot be undone once the sanction is publicized—no monetary award can reverse that loss. See *Gibson v. Berryhill*, 411 U.S. 564, 575–79 (1973).

In short:

- The injury is present and ongoing,
- The injury is constitutional in nature, and
- The injury is irreparable without federal intervention.

Because the disciplinary proceeding is itself the retaliation, allowing it to proceed would permit the harm to compound, frustrate the purpose of §1983, and chill not only Plaintiff's speech but the speech of any attorney who observes the consequences of judicial criticism. For these reasons, this Court should stay or enjoin the disciplinary proceeding pending resolution of this federal action.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Stay the disciplinary proceeding scheduled for **December 9, 2025,** pending resolution of this federal action;
   or, in the alternative,
2. Enjoin the Alabama State Bar from continuing or advancing that disciplinary proceeding until this case is resolved on the merits.

Respectfully submitted on the 8th day of December 2025.

/s/ Jeanetta Pleasant
Jeanetta Pleasant
Pleasant Legal Solutions, PC
100 Concourse Parkway, Suite 128
Hoover, AL 35244
(659) 212-8500
jeanetta@pleasantlegalsolutions.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of the above and foregoing was served to all parties of interest through the Court's electronic filing system.

/s/ Jeanetta Pleasant
Jeanetta Pleasant
Pleasant Legal Solutions
100 Concourse Pkwy STE 128
Hoover, AL 35244
(659)212-8500
jeanetta@pleasantlegalsolutions.com

## SERVICE LIST

| | | |
|---|---|---|
| Laura Susan Burns | Autumn Caudell | Alabama State Bar |
| 4128 Crosshaven Drive | 415 Dexter Avenue | 415 Dexter Avenue |
| Vestavia, Alabama 35243 | Montgomery, Al 36104 | Montgomery, AL 36104 |