FILED
2026 Jan-15 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANETTA PLEASANT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:25-cv-1658-ACA** |
| | } | |
| **LAURA SUSAN BURNS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## ORDER

Plaintiff Jeanetta Pleasant filed a complaint against Defendants Laura Burns, Autumn Caudell, and the Alabama State Bar, alleging constitutional and state law violations. (Doc. 1). After the defendants moved to dismiss, Ms. Pleasant moved for leave to file an amended complaint. (Doc. 16). For the reasons below, the court **DENIES** Ms. Pleasant's motion. (*Id.*). The court also **ORDERS** Ms. Pleasant **TO SHOW CAUSE** why it should not sanction her under Federal Rule of Civil Procedure 11. Ms. Pleasant must respond in writing **on or before January 29, 2026**.

### 1.  Motion for Leave to File an Amended Complaint

Ms. Pleasant moves for leave to file an amended complaint. (Doc. 16). Her motion details that she seeks to add a defamation claim against Ms. Burns and factual allegations to support this court's jurisdiction. (*Id.* at 1–2). The motion states, "A copy of the Proposed Amended Complaint is attached hereto as Exhibit A for the

Court's review." (*Id.* at 2 ¶ 7). But Ms. Pleasant did not attach the proposed amended complaint for the court's review. Accordingly, the court **DENIES** her motion, and Ms. Pleasant's initial complaint remains the operative complaint.

2.  Order to Show Cause

Ms. Burns moved to dismiss Ms. Pleasant's operative complaint. (Doc. 6). Ms. Pleasant filed a response to the motion (doc. 10) and also moved for a preliminary injunction to stop disciplinary proceedings against her (doc. 14). Federal Rule of Civil Procedure 11 governs both filings. *See* Fed. R. Civ. P. 11(b). Under Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney . . . certifies that . . . after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law." *Id.* (b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . ." *Id.* (c)(1).

As explained below, Ms. Pleasant has seemingly misrepresented the law, cited quotations to cases that are not in those cases, and included a citation to a case that seemingly does not exist. The court outlines each in turn.

a.  *Ms. Pleasant's Response to Ms. Burns's Motion to Dismiss*

First, Ms. Pleasant argued, "In *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019), the Eleventh Circuit reaffirmed that government actors—and

those acting jointly with them—cannot invoke immunity when they misuse legal or administrative proceedings to retaliate against constitutionally protected speech." (Doc. 10 at 2). *DeMartini* did not address any immunity principles. *See generally* 942 F.3d at 1300–09. Rather, the case considered whether the existence of probable cause when a city filed a civil lawsuit against the plaintiff precluded the plaintiff's First Amendment retaliation claim under 42 U.S.C. § 1983. *See id.*

Second, Ms. Pleasant relies on *Simms v. Seaman*, 69 A.3d 880 (Conn. 2013) for the proposition that "the Connecticut Supreme Court squarely addressed whether an attorney who files a disciplinary complaint enjoys absolute immunity." (Doc. 10 at 2). But *Simms* does not address the filing of a disciplinary complaint against an attorney. *See Simms*, 69 A.3d at 882–84. Instead, in the case, the plaintiff sued an attorney for statements and representations made during judicial proceedings. *Id.* The only discussion of a disciplinary complaint appears in the dissent, which argues fraud claims against attorneys should be allowed "if the plaintiff first seeks relief in the underlying proceeding or files a grievance complaint against the offending attorney and, in connection therewith, secures either a sanction against the attorney or a finding of attorney misconduct." *Id.* at 915 (Palmer, J., dissenting).

Third, Ms. Pleasant quotes from *Simms* that "the privilege was never intended to protect the malicious abuse of judicial or quasi-judicial proceedings." (Doc. 10 at 2–3). But that quote does not appear in the case.

3

   *b. Ms. Pleasant's Motion for a Preliminary Injunction*

More troubling, however, is that even after Ms. Burns pointed out these misrepresentations (*see* doc. 13), Ms. Pleasant repeated some of the same arguments in her motion for a preliminary injunction. And Ms. Pleasant seemingly cited a case that does not exist and several quotes that do not appear in the cited cases. The court outlines each:

- Ms. Pleasant cited *DeMartini* for a quote that the "legal process itself was used as a tool of retaliation." (Doc. 14 at 3). That quote, or a similar variation, does not appear in the case, and the court cannot find the quote in any other Eleventh Circuit case.

- Ms. Pleasant cited *Lackey v. Georgia*, 201 F.3d 1315, 1317 (11th Cir. 2000) and quoted from the case. (Doc. 14 at 3). The court is unable to find that case or the alleged quote.

- Ms. Pleasant quotes from *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991) that "[s]peech critical of the judiciary is protected so long as it does not present a substantial likelihood of material prejudice." (Doc. 14 at 3). That quote does not appear in the case.

- Ms. Pleasant quotes from *Zablocki v. Redhail*, 434 U.S. 374, 379 n.5 (1978) that "[a]bstention is the exception, not the rule." (Doc. 14 at 3). Although

footnote five addresses abstention, it—or any portion of the opinion—does not contain that quotation.

- Ms. Pleasant, advocating against abstention, relied on *DeMartini* for the proposition that the Eleventh Circuit held "federal courts must intervene where the state legal process is used as a weapon to retaliate against protected speech." (Doc. 14 at 4–5, 7). But *DeMartini* does not discuss abstention nor a federal court's jurisdiction, and the Court's holding addresses whether probable cause defeated a § 1983 lawsuit for First Amendment retaliation. 942 F.3d at 1300–06.

- Ms. Pleasant again relied on *Simms* for the proposition that "the attorney disciplinary process does not provide immunity when the process is misused in bad faith as a retaliatory weapon." (Doc. 14 at 5). As explained above, *Simms* does not address the attorney discipline process.

- Ms. Pleasant quotes from *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) that a tribunal must be "fair, impartial, and capable of objectively assessing the allegations before it." (Doc. 14 at 5). That quote, or a similar variation, does not appear in the case.

- Ms. Pleasant quotes from *Dombrowski v. Pfister*, 380 U.S. 479, 490 (1965) that "the injury can be remedied only by an injunction against further

prosecution." (Doc. 14 at 7). That quote, or a similar variation, does not appear in the case.

Accordingly, the court **ORDERS** Ms. Pleasant **TO SHOW CAUSE** why it should not sanction her under Rule 11 for seemingly misrepresenting the law. She must respond in writing **on or before January 29, 2026**. In her response, Ms. Pleasant must address each potential violation that the court outlined above.

**DONE** and **ORDERED** this January 15, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

6