# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANETTA PLEASANT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:25-cv-1658-ACA** |
| | ) | |
| **LAURA SUSAN BURNS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT LAURA SUSAN BURNS'S NOTICE OF PLAINTIFF'S ONGOING NON-COMPLIANCE AND SUPPLEMENTAL ARGUMENTS IN SUPPORT OF DISMISSAL WITH PREJUDICE

Defendant Laura Susan Burns respectfully notifies the Court of Plaintiff Jeanetta Pleasant's continued noncompliance with this Court's orders. As a supplement to Burns's pending motion to dismiss, (doc. 6), Burns moves to dismiss Plaintiff Jeanetta Pleasant's complaint with prejudice under Federal Rule of Civil Procedure 41(b) for Pleasant's failure to comply with this Court's show-cause order. (*See* Doc. 18.) In addition to dismissal under Rule 41(b), the Court may also dismiss Pleasant's complaint with prejudice under its inherent authority or under Federal Rule of Civil Procedure 11(c).

## FACTS

On January 15, 2026, this Court issued a show-cause order to Pleasant. (Doc. 18 at 1.) The Court issued the show-cause order because Pleasant had "seemingly

misrepresented the law, cited quotations to cases that are not in those cases, and included a citation to a case that seemingly does not exist." (*Id.* at 2.) After recounting the apparent misrepresentations, the Court "order[ed] Ms. Pleasant to show cause why it should not sanction her under Rule 11 for seemingly misrepresenting the law." (*Id.* at 6 (capitalization and emphasis omitted).) Specifically, the Court ordered Pleasant to "respond in writing on or before January 29, 2026" and stated that Pleasant's response "must address each potential violation that the court outlined above." (*Id.* (emphasis omitted).)

On February 4, 2026, Pleasant stated that she failed to receive court communications due to an email-related error. (*See* Doc. 19 at 1.) The next day, the Court extended the time for Pleasant to respond to the show-cause order to February 12, 2026. (Doc. 20.) The Court "remind[ed] Ms. Pleasant that the order to show cause requires her to specifically address each potential Rule 11 violation that the court outlined." (*Id.*) The Court also ordered Pleasant to "file a notice with the court" on or before February 6, 2026, "confirming that she received this order." (*Id.*)

Pleasant failed to comply with the Court's order to confirm that she received the extension order. Instead, on February 10, 2026, Pleasant filed a "Response to Defendant Burns' Notice of Opposition to Motion for Leave to Amend." (Doc. 21 at 1 (emphasis and capitalization omitted).) Pleasant's filing failed to address the issues that the Court's show-cause order identified. Pleasant's only mention of her

misrepresentations of law came on page two, where she argued that "[t]hese allegations are unsupported and irrelevant to the Rule 15 analysis." (*Id.* at 2.) It is also puzzling that Pleasant filed what was effectively a reply brief in support of her motion to amend—a motion this Court has already denied—without even mentioning that denial. (*See* Doc. 18 at 2 (denying motion for leave to amend).)

## ARGUMENT

At the outset, Burns remains entitled to a dismissal with prejudice based on the merits of her motion to dismiss. (Doc. 6.) As the motion explains, this Court should dismiss all of Pleasant's claims against Burns with prejudice because Burns is entitled to immunity under Alabama Rule of Disciplinary Procedure 15, Pleasant cannot state a claim under 42 U.S.C. § 1983 against Burns because Burns is not a state actor, and Pleasant's allegations fall well short of what Alabama law requires to state a viable outrage claim. (*See generally id.*)

Now, separate and apart from the viable grounds Burns covered in her motion to dismiss, Pleasant's misrepresentations of law and noncompliance with the Court's orders also warrant dismissal with prejudice on three independent grounds: (1) Federal Rule of Civil Procedure 41(b); (2) this Court's inherent authority; and (3) Federal Rule of Civil Procedure 11(c).

3

1. **This Court should dismiss Pleasant's complaint with prejudice under Federal Rule of Civil Procedure 41(b).**

A dismissal with prejudice under Rule 41(b) is warranted for Pleasant's failure to comply with two Court orders. (*See* Docs. 18 & 20). That rule provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Dismissal under Rule 41(b) is appropriate where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citation modified). Both conditions are satisfied here.

Pleasant's conduct establishes a "clear record of willful contempt." *Id.* (citation modified). That record began with Pleasant's misrepresentations of law in her response to Burns's motion to dismiss. (*See* Doc. 18 at 2–3). Those misrepresentations included citing cases for propositions they did not stand for, and relying on a quotation that did not appear in the cited case. (*See id.*) And, even after Burns pointed out these misrepresentations, Pleasant continued to misrepresent the law in her motion for a preliminary injunction. (*See id.* at 4–6.) There, again, Pleasant's filing included quotations that did not appear in the cited cases, and a case that seemingly does not exist. (*See id.*) Pleasant then disregarded two Court orders. First, Pleasant violated the Court's extension order, which ordered her to confirm that she received the Court's extension of the show-cause deadline. (*See* Doc. 20).

4

Second, Pleasant submitted a nonresponsive filing that failed to address the issues the Court raised in its show-cause order. (*See* Doc. 21 (Pleasant's filing); Doc. 18 (Court's show-cause order).)

Given this "clear record of willful contempt" on the part of Pleasant, Burns submits that a sanction less than dismissal with prejudice "would not suffice." *Gratton*, 178 F.3d at 1374 (citation modified). For example, although dismissal without prejudice regularly occurs in the Rule 41(b) context, that "lesser sanction[] would not serve the best interests of justice" here. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976)[1] (citation modified). A dismissal without prejudice would afford Pleasant an opportunity to refile her unmeritorious lawsuit with an amended complaint—relief this Court has already rightfully denied to Pleasant. (Doc. 18 at 1–2.) And Pleasant would gain that unwarranted relief *because of* her multiple misrepresentations of law and disregard of the Court's orders. *Contra Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1265 (11th Cir. 2003) ("No person may take advantage of his or her own wrong." (citation modified)).

Other measures—such as a public reprimand or a monetary fine—are ineffective because they are unlikely to garner Pleasant's attention, and Burns, the Alabama State Bar, and the Court will likely continue to be subject to similar filings.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

*See Johnson v. Dunn*, 792 F. Supp. 3d 1241, 1266 (N.D. Ala. 2025) (observing that "[i]f fines and public embarrassment were effective deterrents" to misrepresenting authority, "there would not be so many cases to cite" where such misrepresentations have occurred). Dismissal with prejudice is the only remedy that will both capture Pleasant's attention and prevent future harm to the other parties and the Court. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (observing that the sanction of dismissal with prejudice is "more appropriate in a case where a party, as distinct from counsel, is culpable"); *see also Gratton*, 178 F.3d at 1375.

**2.    This Court should dismiss Pleasant's complaint with prejudice under its inherent authority.**

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."). In addition to her misrepresentations of law, Pleasant has now failed to comply with two Court orders. She failed to provide a response addressing each violation that the Court outlined in its show-cause order. (*See* Doc. 18 at 6.) She also failed to confirm that she received the Court's extension of the deadline for her to respond to the show-cause order. (*See* Doc. 20.)

And "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Here, the Court forewarned Pleasant in its initial order that "arguments in briefs that are supported by AI-generated caselaw (*i.e.*, cases or quotations from cases that do not actually exist) are not acceptable." (Doc. 4 at 5.) The Court further cautioned that "[f]ailure to comply with this rule may result in appropriate sanctions, up to and including dismissal or default judgment." (*Id.*) To be clear, Burns has no evidence that Pleasant actually used AI to generate the misrepresentations of law at issue here. But whether or not AI was used, the result is the same; Pleasant's pleadings "seemingly misrepresent[] the law, cite[] quotations to cases that are not in those cases, and include[] a citation to a case that seemingly does not exist," none of which is ever acceptable. (Doc. 18 at 2); *see also Johnson*, 792 F. Supp. 3d at 1256 ("Every lawyer knows that citing fake cases in a court filing is a terrible decision."). Pleasant was forewarned of the consequences of misrepresenting the law, and yet she did it anyway.

Dismissal with prejudice under the Court's inherent authority is an appropriate sanction for Pleasant's repeated disregard of this Court's orders.

**3.     This Court should dismiss Pleasant's complaint with prejudice under Federal Rule of Civil Procedure 11(c).**

This Court also has the power to dismiss Pleasant's complaint with prejudice as a Rule 11 sanction. "Rule 11(b) provides that '[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney . . . certifies that . . . after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law.'" *Johnson*, 792 F. Supp. 3d at 1257 (quoting Fed. R. Civ. P. 11(b)(2)). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Both Pleasant's response to Burns's motion to dismiss and her motion for a preliminary injunction contained legal contentions that were not warranted by existing law. (*See* Doc. 18; *see also* Docs. 10 & 14.) As the Court put it, "Pleasant has seemingly misrepresented the law, cited quotations to cases that are not in those cases, and included a citation to a case that seemingly does not exist." (Doc. 18 at 2.) Dismissal with prejudice may be warranted when a party has committed numerous Rule 11(b) violations. *See*, *e.g.*, *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010) (affirming possible Rule 11(c) dismissal with prejudice for pro se plaintiff after multiple Rule 11(b) violations and district court gave plaintiff notice and opportunity to respond).

This Court would not be the first to issue a terminal sanction under circumstances such as these. Earlier this month, a federal district judge sitting in the Southern District of New York issued a default judgment against a party as a sanction for repeated misstatements of law and counsel's failure to accept responsibility for those misstatements. *Flycatcher Corp. Ltd, v. Affable Avenue LLC*, No. 24 CIV. 9429 (KPF), 2026 WL 306683, at **1, 12–14 (S.D.N.Y. Feb. 5, 2026). The court in *Flycatcher* issued that sanction under Rule 11 and its "inherent powers." *Id.* at *14. This Court should similarly dismiss Pleasant's complaint with prejudice as a Rule 11 sanction due to her multiple misstatements of law, failure to acknowledge those misstatements, and failure to comply with this Court's orders.

\* \* \*

Much harm has already been done by Pleasant's misrepresentation of authority and noncompliance with this Court's orders. As the *Johnson* Court observed, when combating a filing with phantom citations and quotes, the "opposing party wastes time and money in exposing the deception," 792 F. Supp. 3d at 1256–57 (citation modified). And "[w]hile the court takes time to investigate, other cases may be disrupted or deprived of judicial attention." *Id.* at 1257. Further, misrepresentations of authority "promotes cynicism about the legal profession and the American judicial system." *Id.* (citation modified).

9

Pleasant's waste of the parties' and Court's resources began with her unmeritorious complaint, which warrants a dismissal under Federal Rule of Civil Procedure 12(b)(6). But her lawsuit became sanction-worthy when she misrepresented the law and failed to comply with two Court orders. Burns desires a dismissal with prejudice, on the merits of her motion to dismiss, as a sanction for Pleasant's misconduct, or on both grounds, so that she is no longer subject to Pleasant's abuse of legal process.

Dated: February 17, 2026                     Respectfully Submitted,

/s/ Tom Butler
Thomas J. Butler
Hunter R. Myers
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
Tel: (205) 254.1000
Fax: (205) 254.1999
tbutler@maynardnexsen.com
hmyers@maynardnexsen.com

Counsel for Laura Susan Burns

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 17, 2026, I served a true and correct copy of this filing through the Court's CM/ECF filing system to:

Jeanetta Pleasant
Pleasant Legal Solutions
100 Concourse Pkwy STE 128
Hoover, AL 35244
(659) 212-8500
jeanetta@pleasantlegalsolutions.com

*Plaintiff*

/s/ *Tom Butler*
Thomas J. Butler

11