# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANETTA PLEASANT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:25-cv-1658-ACA** |
| | } | |
| **LAURA SUSAN BURNS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>ORDER</u>

Plaintiff Jeanetta Pleasant filed a complaint against Defendants Laura Burns, Autumn Caudell, and the Alabama State Bar, alleging constitutional and state law violations. (Doc. 1). After Ms. Pleasant filed multiple documents that included a case that seemingly does not exist, cited quotes to cases that do not contain the alleged quotations, and misstated the holdings of other cases, the court ordered her to show cause why it should not sanction her under Federal Rule of Civil Procedure 11. (Doc. 18). The order to show cause outlined each potential violation, and it ordered Ms. Pleasant to specifically "address each potential violation that the court outlined" in the order. (*Id.* at 6).

Due to a typographical error in Ms. Pleasant's email address, she did not receive notice of the court's order to show cause until after the deadline to respond. Ms. Pleasant then filed a "response to order to show cause." (Doc. 19). But the

response mostly addressed only the typographical error in her email address. (*See id.*). Ms. Pleasant noted that "any inaccuracies or deficiencies in prior filings were not intentional and were not made in bad faith but rather occurred without the benefit of receiving complete notice or an opportunity to timely review and correct the issues identified" and that she "acted in good faith throughout this litigation and respectfully requests that the Court consider the notification error as a mitigating circumstance." (*Id.* at 1). Ms. Pleasant added that she was "willing to supplement, clarify, amend, or withdraw any filings the Court determines require correction" and asked the court not to sanction her under Rule 11. (*Id.*).

Ms. Pleasant's filing was not responsive to the court's order. As outlined above, the order to show cause required her to "address each potential violation." (Doc. 18 at 6). Ms. Pleasant did not address a single potential violation. (*See* doc. 19). Nor did she offer any explanation as to why the filings contained misquotations, unsupported statements of authority, and cited a case that seemingly does not exist.

Because of the typographical error in her email address and the condensed timeline when Ms. Pleasant discovered the error, the court extended the order to show cause's deadline by an additional week so that Ms. Pleasant could file a full response. (Doc. 20). The court again instructed Ms. Pleasant that "the order to show cause requires her to specifically address each potential Rule 11 violation that the court outlined" in its previous order. (*Id.*). The order also directed Ms. Pleasant to

file a notice with the court when she received the court's order. (*Id.*). In addition to electronic notification, the court mailed the order to Ms. Pleasant.

Both the deadline for Ms. Pleasant to file a notice confirming receipt of the order and to respond to the court's order to show cause have passed. Ms. Pleasant did not comply with either instruction. Instead, Ms. Pleasant filed a response to Ms. Burns's opposition to a motion that the court has already ruled on. (Doc. 21; *see also* doc. 18 at 1–2). In passing, Ms. Pleasant states that Ms. Burns's allegations that Ms. Pleasant misstated legal authority "are unsupported and irrelevant to the Rule 15 analysis." (Doc. 21 at 2). Yet Ms. Pleasant never explains how the allegations are "unsupported." (*See id.*).

Because both deadlines passed with no response, the court **ORDERS** Ms. Pleasant **TO SHOW CAUSE** why the court should not dismiss this action for her failure to comply with the court's order. *See* Fed. R. Civ. P. 41(b). Ms. Pleasant must respond in writing **on or before March 2, 2026**.

**DONE** and **ORDERED** this February 23, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE