FILED
2026 Apr-08  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANETTA PLEASANT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-1658-ACA** |
| | } | |
| **LAURA SUSAN BURNS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Plaintiff Jeanetta Pleasant filed a complaint against Defendants Laura Burns, Autumn Caudell, and the Alabama State Bar alleging constitutional and state law violations. (Doc. 1). Ms. Pleasant later filed multiple documents that included nonexistent cases, fabricated case quotations, and misstatements of the holdings of cases, and the court ordered her to show cause why it should not impose sanctions under Federal Rule of Civil Procedure 11. Ms. Pleasant has repeatedly ignored the court's orders. The court therefore **WILL DISMISS** this case **WITHOUT PREJUDICE**.

## I.    BACKGROUND

Ms. Burns moved to dismiss Ms. Pleasant's complaint. (Doc. 6). Ms. Pleasant responded to Ms. Burns's motion. (Doc. 10). Ms. Pleasant's response misrepresented the law, which Ms. Burns highlighted in her reply. (Doc. 13 at 2–5).

Roughly a month later, Ms. Pleasant moved for a preliminary injunction. (Doc. 14). In her motion, Ms. Pleasant repeated some of her earlier misrepresentations and quoted language from cases that do not exist. (*Id.*). So the court ordered Ms. Pleasant to show cause why it should not sanction her. (Doc. 18). The order outlined each potential violation, and it ordered Ms. Pleasant to specifically "address each potential violation that the court outlined" in the order. (*Id.* at 6).

Due to an error in Ms. Pleasant's email address, she did not receive notice of the court's order to show cause until after the deadline to respond. Ms. Pleasant filed an untimely "response to order to show cause" but primarily addressed only the error in her email address. (*See* doc. 19). Ms. Pleasant noted that "any inaccuracies or deficiencies in prior filings were not intentional and were not made in bad faith but rather occurred without the benefit of receiving complete notice or an opportunity to timely review and correct the issues identified" and that she "acted in good faith throughout this litigation and respectfully requests that the Court consider the notification error as a mitigating circumstance." (*Id.* at 1). Ms. Pleasant added that she was "willing to supplement, clarify, amend, or withdraw any filings the Court determines require correction" and asked the court not to sanction her under Rule 11. (*Id.*).

Ms. Pleasant's filing was not responsive to the court's order. As outlined above, the order to show cause required her to "address each potential violation."

2

(Doc. 18 at 6). Ms. Pleasant did not address a single potential violation. (*See* doc. 19). Nor did she offer any explanation as to why the filings contained misquotations, unsupported statements of authority, and cited a case that does not exist. And her claim that none of the "inaccuracies or deficiencies" were intentional or in bad faith cannot be supported by the fact that she was unaware that Ms. Burns brought these errors to the court's attention. After all, Ms. Pleasant's "inaccuracies or deficiencies" occurred before Ms. Burns responded and existed regardless of Ms. Burns's notice of them.

Because of the error in her email address, the court extended Ms. Pleasant's deadline to respond by an additional week. (Doc. 20). The order again instructed Ms. Pleasant that "the order to show cause requires her to specifically address each potential Rule 11 violation that the court outlined" in its previous order. (*Id.*). The order also directed Ms. Pleasant to file a notice with the court when she received the court's order. (*Id.*). In addition to electronic notification, the court mailed the order to Ms. Pleasant.

Both the deadline for Ms. Pleasant to file a notice confirming receipt of the order and to respond to the court's order to show cause passed, and Ms. Pleasant did not comply with either instruction. Instead, Ms. Pleasant filed a response to Ms. Burns's opposition to a motion that the court has already ruled on. (Doc. 21; *see also* doc. 18 at 1–2). In passing, Ms. Pleasant stated that Ms. Burns's allegations that

Ms. Pleasant misstated legal authority were "unsupported and irrelevant to the Rule 15 analysis." (Doc. 21 at 2). Yet Ms. Pleasant never explained how the allegations were "unsupported." (*See id.*).

Finally, the court ordered Ms. Pleasant to show cause why it should not dismiss the case for her failure to comply with the court's instruction. (Doc. 23). Ms. Pleasant did not respond to the order.

## II.    DISCUSSION

Under the court's inherent authority and Federal Rule of Civil Procedure 41(b), a court may *sua sponte* dismiss a case for a party's failure to comply with its orders. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Although dismissal may be with or without prejudice, "dismissal *with prejudice* . . . is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id.* at 1337–38 (quotation marks omitted).

Here, the court finds dismissal without prejudice is an appropriate sanction for Ms. Pleasant's behavior. Ms. Pleasant filings are non-responsive and ignore the court's orders. The court awarded Ms. Pleasant multiple opportunities to respond, and she failed to do so.

4

Although Ms. Burns urges the court to dismiss with prejudice (doc. 22), the court declines to do so. Dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted). The court cannot conclude that lesser sanctions—including dismissal without prejudice—will not suffice. *Cf. Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999) (affirming a district court's dismissal with prejudice when the district court first attempted lesser sanctions that did not deter the plaintiff's conduct). Because the court cannot conclude that lesser sanctions will not deter Ms. Pleasant's conduct, the court cannot dismiss the action with prejudice. The court therefore **WILL DISMISS** this case **WITHOUT PREJUDICE**.

## III.    CONCLUSION

For the reasons above, the court **WILL DISMISS** this case **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this April 8, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

5